IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT OFFENBACK, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:10-CV-1789 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| L.M. BOWMAN, INC., and | : | (Magistrate Judge Carlson) |
| ZACHARY S. REEDER, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

The District Court has referred the above-captioned action to the undersigned for the purposes of conducting an *in camera* review of Plaintiff's Facebook and MySpace accounts in order to determine whether certain information contained within Plaintiff's accounts is properly subject to discovery in this case. (Doc. 19.) The Court subsequently held a telephonic case management conference with the parties to address the discovery dispute, and directed Plaintiff to provide the Court with the log-in information for his Facebook and MySpace accounts. Plaintiff subsequently provided this information to the Court with respect to his Facebook account, and represented that he could no longer locate information related to his MySpace account, since he had neither activated nor used the account since November 2008. Plaintiff conceded that limited public information contained within his Facebook account was properly subject to discovery, provided that the

information could be considered relevant in accordance with Rule 26 of the Federal Rules of Civil Procedure.

As the party requesting the discovery from Plaintiff's social media accounts, Defendants provided the Court with the following summary of the case and of the issues they believed to be relevant to the Court's review:

> This action arises from a vehicular accident that occurred on November 6, 2008. Plaintiff claims that he suffered physical and psychological injuries as a result of that accident.
>
> His claimed physical injuries include claims of right shoulder and lower back injuries. Accordingly, Plaintiff's physical capabilities and activities are relevant to the review.
>
> Plaintiff alleges that his claimed physical injuries limited his ability to sit, walk, stand, ride in a vehicle, bend, stoop, push, pull, and lift. He claimed that he could not drive for any period of time and is physically limited as to riding his bicycle or motorcycle.
>
> Plaintiff also claims that he suffered psychological injuries as a result of the accident. He claims that he suffers anxiety, depression, and post-traumatic stress disorder as a result.
>
> Plaintiff alleges that the psychological conditions resulted in decreased sociability and lack of intimacy. He alleges that he is fearful and nervous in traffic and around other vehicles. Accordingly, Plaintiff's social activities,

> transportation related activities, and expressions of emotion are relevant to this review.
>
> Plaintiff also contends that is [sic] cannot work as a result of the physical and psychological injuries he claims from this accident. It is noted that Plaintiff purchased a property in Kentucky prior to the accident. He had planned to relocate to his employer's facility near the Kentucky property, but this possibility evaporated [due] to his employer's economic situation. Thus, information as to Plaintiff's relocation and plans are relevant to his motivation in this matter.

(Letter from Defendants' counsel to the Court dated May 2, 2011.)

The Court has carefully reviewed the allegations set forth in Plaintiff's complaint, as well as other filings in this action, so as to ascertain the claims and defenses at issue. In addition, the Court has considered the parties' competing letters in which they explain their respective positions regarding Defendants' assertion that Plaintiff's Facebook account may contain discoverable information under Rule 26(b) of the Federal Rules of Civil Procedure.[1] Informed by this review of the pleadings

---

[1] Rule 26(b)(1) of the Federal Rules of Civil Procedure supplies the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any

and other information in the record, and assisted by the parties' respective submissions, the Court conducted a thorough in camera review of Plaintiff's Facebook account on June 20, 2011.

The Court's review revealed that Plaintiff first activated his Facebook account on or about February 1, 2009, and that the account has remained active through the current date. Review of Plaintiff's Facebook account, including a thorough review of Plaintiff's "Profile" postings, photographs, and other information, reveals that the information and material contained within Plaintiff's Facebook account are unrelated in any way to the events that give rise to the cause of action in this case, and are largely irrelevant, or not likely to lead to the discovery of evidence relevant to the claims and defenses in this action. However, in consideration of the broad scope of

---

discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Issues relating to the scope of discovery permitted under the Rules are to be resolved, almost exclusively, at the discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manrizuez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

relevance that Defendants' have argued in favor of above, and in consideration of Plaintiff's acknowledgment that "limited [relevant] 'public' information is clearly discoverable under recent caselaw," (Letter from Plaintiff to Court dated April 27, 2011), the Court finds that some small segment of the public information contained in Plaintiff's account is properly subject to limited discovery in this case.

Specifically, our review of Plaintiff's Facebook account reveals the following potentially relevant information that should be produced to Defendants:

- Plaintiff has posted a number of photographs or updates that reflect he continues to ride motorcycles and may have on more than one occasion traveled via motorcycle between his home in Kentucky and Pennsylvania. In particular, our review found a photograph posted on March 14, 2011, which appears to show Plaintiff with a Harley Davidson motorcycle that other posts suggest that he purchased in or around July 2010.

- On or about October 1, 2010, Plaintiff posted information to his account that suggests he may have traveled to West Virginia via motorcycle.

- On July 22, 2010, a post on Plaintiff's "Profile" page suggests that he had taken, or was planning to take, a trip to Pennsylvania on his motorcycle.

- On October 29, 2010, a photograph was posted to his account that may show Plaintiff hunting and in possession of a 10-point buck that he or another hunter had shot and killed.[2]

---

[2] It is not possible for the Court to determine whether or not the man in the photograph posted on October 29, 2010, is Plaintiff or another man, or when the picture was taken. To the extent Plaintiff determines that he is the individual pictured, and that the picture was taken after the accident that gave rise to the

- On August 29, 2010, Plaintiff's "Profile" contains an update in which he posts photographs and comments suggesting that he may have recently ridden a mule.

- On July 7, 2010, Plaintiff posted pictures of a Harley Davidson motorcycle that it appears he may have purchased shortly before the pictures were posted.

- On July 1, 2010, Plaintiff included "motorcycles" among his interests that he posted to his Facebook profile.

- Between March 16, 2010, and March 18, 2010, friends or relatives of Plaintiff posted comments to his profile that suggest Plaintiff had traveled from Kentucky to Pennsylvania, either by motorcycle or automobile.

With the exception of the foregoing, the remainder of Plaintiff's Facebook account reveals little beyond routine communications with family and friends, an interest in bluegrass and country music, a photography hobby, sporadic observations about current events, and a passion for the Philadelphia Phillies that was not dampened after he moved to Kentucky from Pennsylvania. Other than the information described in the bulleted paragraphs above, we have identified no information from Plaintiff's Facebook account that must be produced to Defendants.[3]

---

claims in this case, Plaintiff will be required to produce this Facebook posting to Defendants.

[3] In closing, we express some confusion about why the parties required the Court's assistance in deciding what information within Plaintiff's Facebook account is responsive to Defendants' discovery requests and therefore properly

Accordingly, IT IS HEREBY ORDERED THAT on or before **Friday, July 8, 2011**, Plaintiff shall produce the information identified above to Defendants in a format mutually agreeable to the parties.  To the extent that the parties have continued disagreements regarding the scope or manner of this discovery, they are directed to

---

discoverable.  Although Defendants have taken a broad view of the potential relevance of Plaintiff's Facebook account, Plaintiffs do not appear to have argued that the information in the bulleted paragraphs above should be protected from disclosure in this lawsuit.  It is thus unclear why the Court was called upon to conduct an initial review of Plaintiff's entire Facebook account to determine whether it contained potentially responsive, non-privileged information that should be produced as part of discovery in this case.  Given that the Plaintiff is the party with the greatest familiarity with his own Facebook account, we submit that it would have been appropriate and substantially more efficient for Plaintiff to have conducted this initial review and then, if he deemed it warranted, to object to disclosure of some or all of the potentially responsive information included in his account.  The Court recognizes that the scope of discovery into social media sites "requires the application of basic discovery principles in a novel context," and that the challenge is to "define appropriately broad limits . . . on the discovery ability of social communications."  EEOC v. Simply Storage Mgmt., No.1:09-cv-1223, 2010 WL 3446105, *3 (S.D. Ind. May 11, 2010).  However, in this case it appears that Defendants backed away from their initial position that they should be entitled to a general release of all information and data from Plaintiff's social networking sites, and that instead of engaging in a broad fishing expedition, were attempting to discover potentially relevant information such as that described in their May 2, 2011, letter to the Court.  If Defendants had, in fact, narrowed their discovery requests in this fashion, we believe it would have been both possible and proper for Plaintiff to have undertaken the initial review of his Facebook account to determine whether it contained potentially relevant and responsive information, and thereafter to solicit the Court's assistance if a dispute remained as to whether he should be required to produce the information identified.

contact the Court's deputy clerk, Kevin Neary, to arrange for a telephone conference with the Court.  Mr. Neary can be reached at 717-221-3924.

><u>*/s/ Martin C. Carlson*</u>
>Martin C. Carlson
>United States Magistrate Judge

Dated:		June 22, 2011